**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

                                                CASE NO. 94-80543
       Plaintiff,                        HON. LAWRENCE P. ZATKOFF

v.

DWAYNE MILLER,

       Defendant.
_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 31, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Defendant previously pled guilty in this Court to Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. On October 5, 1995, the Court sentenced Defendant to 87 months imprisonment with a four year term of supervised release. This matter is now before the Court upon Defendant's guilty plea to two supervised release violations. For the reasons set forth below, the Court sentences Defendant to 18 months imprisonment.

**II. SENTENCING FACTORS**

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *See U.S. v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006). The Court has considered the relevant factors as they relate to Defendant and its analysis follows.

**1.    The Nature and Circumstances of the Offense**

Defendant's underlying offense was a conspiracy to possess with intent to distribute cocaine, which is a very serious offense on its own. Defendant pled guilty to two violations of his supervised release:

(1) Violation of standard condition No. 2: The Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report.

(2) Violation of standard condition No. 7: The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician.

In violation of standard condition number two, Defendant's last contact with his probation officer was on June 20, 2003. In violation of standard condition number seven, Defendant tested positive for marijuana on February 19, 2002; February 25, 2002; March 4, 2002; March 27, 2002; and February 17, 2003. All of the positive tests occurred while Defendant was on supervised release for a drug related offense.

**2.    The History and Characteristics of Defendant**

In 1989, Defendant was convicted of felonious assault. During his parole for this offense, Defendant was arrested for his continued use of marijuana. Defendant has a history of marijuana use.

Defendant is unmarried and has at least one child, with whom Defendant had regular contact prior to his imprisonment for the underlying offense. Defendant appears to be in good health, although he has a history of migraine headaches for which he takes medication.

Defendant received a G.E.D. certificate in 1990, and also received a custodial maintenance certificate 1991, while in state prison. Defendant has worked in the construction field. The Court has also been informed that Defendant worked in the roofing industry in the period following his last

contact with his probation officer on July 20, 2003.

### 3.     The Seriousness of the Offense

Drug trafficking inflicts great harm on the public. Given the seriousness of Defendant's underlying offense, his failure to report to his probation officer as required undermined the effectiveness of the period of supervised release to protect the public. Furthermore, Defendant continued to use and possess controlled substances while on supervised release. Consequently, these circumstances, in combination, require a significant penalty.

### 4.     Promote Respect for the Law and Afford Adequate Deterrence to Criminal Conduct

Defendant has pled guilty to two violations of his supervised release, one of which is drug related. Defendant's previous sentence was obviously ineffective in promoting respect for the law or deterring Defendant from committing other crimes. Thus, a significant sentence in this case is necessary to promote respect for the law and afford adequate deterrence to criminal conduct.

### 5.     Protect the Public from Further Crimes of the Defendant

Defendant's failure to report to his probation officer during his term of supervised release seriously undermined the ability of law enforcement to monitor him, consequently exposing the public to the threat of further criminal conduct. This factor is especially relevant in cases involving narcotics, where recidivism is particularly likely due to addiction and the relatedness of drug abuse to other criminal conduct. As a result, a substantial sentence is necessary in this case.

### 6.     Sentencing Options

In this case, the maximum statutory penalty for the violation of supervised release is three years, as Defendant was originally convicted of a Class B Felony. *See* 18 U.S.C. § 3583(e)(3). In the case of a Grade B or C violation where the minimum term of imprisonment determined under

section 7B1.4 of the Sentencing Guidelines is more than six months but less than ten months, the minimum term may be satisfied by a term of imprisonment, or a sentence that includes a term of supervised release with a condition that substitutes community confinement or home confinement according, provided that at least one-half of the minimum term is satisfied by imprisonment.

**7.    Guideline Range**

Defendant's guideline range is 5 to 11 months. However, for the reasons stated in this Sentencing Opinion, the Court finds that an above-guideline sentence is necessary in this case.

**8.    Policy Statements Issued by the Sentencing Commission and the Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.**

Application note five of sentencing guideline 7B1.4 states that "[u]pon a finding that a defendant violated a condition of ... supervised release by being in possession of a controlled substance ... the court is required to revoke ... supervised release and impose a sentence that includes a term of imprisonment." *See also* 18 U.S.C. §§ 3565(b), 3583(d). Further, for the purposes of 18 U.S.C. § 3583(g), use of a controlled substance constitutes possession of a controlled substance. *See U.S. v. Hancox*, 49 F.3d 223, 224-25 (6th Cir. 1995). The Court finds that its sentence in this case complies with the Sentencing Commission's clear mandate requiring a term of imprisonment where an offender possess a controlled substance in violation of a condition of supervised release.

### III.  CONCLUSION

For all of the above reasons, the Court finds that an above-guideline sentence is necessary

in this case. Accordingly, Defendant is sentenced to 18 months imprisonment.

    IT IS SO ORDERED.

                                    s/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated: January 31, 2007

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 31, 2007.

                                    s/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290